Dear Mr. Stutes:
You have requested an opinion of the Attorney General as to whether any property forfeited under LSA-R.S. 15:1356 (A)(1) is subject to any property interest in favor of the state of Louisiana.
LSA-R.S. 15:1351 et seq. is the Louisiana Drug Racketeering Act, the state drug equivalent of the federal RICO statute. The statute in part provides for civil sanctions against drug offenders:
 "All property, immovable or movable, including money, used in the course of, intended for use in the course of, derived from, or realized through, conduct in violation of R.S. 15:1353 is subject to civil forfeiture to the state. . . . The state shall dispose of all forfeited property as soon as possible."
In the case at bar in the Lafayette district court which resulted in a civil forfeiture, there was one law enforcement agency participating in the investigation leading to the conviction for racketeering under R.S. 15:1353 and the derivative civil forfeiture under R.S. 15:1356. Under R.S. 15:1356 (A)3 and 1356A(3)(b), the district attorney receives 25% of the proceeds of the forfeiture and the primary agency, the Lafayette Metro Narcotics Agency, is to receive 75%, minus vouchered actual costs for any other assisting agency not to exceed ten percent of the proceeds to be allocated.
However, R.S. 15:1356A prescribes that the property forfeited shall be forfeited to the state. You ask if this provision creates a cloud on the title of property disposed or the proceeds received by law enforcement agency.
In our opinion, "state" as used by R.S. 15:1356A refers not to the "state" as a separate political and administrative entity domiciled in the Parish of East Baton Rouge, but rather to the State of Louisiana as the plaintiff in the predicate criminal proceeding and derivative civil proceeding, who is represented through the district attorney. It is not the generic use of "state" but a highly restrictive connotation of the state in its capacity as a party plaintiff. In this capacity, the district attorney, as the constitutionally and statutorily designated legal representative of the state in his or her judicial district, La. Const. Art. V, § 26 (1974); La. Code Crim. Proc. Art. 26B; LSA-R.S. 16:1, may make decisions, act and perform duties on behalf of his incorporeal client
Accordingly, when R.S. 15:1356A mandates that "the state shall dispose of all forfeited property as soon as commercially feasible," this duty is imposed upon the state as a party plaintiff acting through the district attorney. Accordingly, the district attorney is generally (and ultimately) responsible for the disposition of the forfeited property and for accounting for the proceeds.
Upon proper disposition and accounting by the state through the district attorney, the court, upon contradictory motion in the civil forfeiture proceeding, shall allocate the percentage of the proceeds resulting from the forfeiture and disposal according to law. R.S. 15:1356 (A)(3). However, "no forfeiture or disposition under this section shall affect the rights of factually innocent persons." R.S. 15:1536 [15:1356] (A)(2). All interested persons must be granted notice and an opportunity to be heard in the forfeiture and subsequent allocation procedures.
Finally, it is the opinion of the Attorney General that disposal by the State of Louisiana of property forfeited by judgment of the court pursuant to R.S. 15:1536A [15:1356A], effected through the office of the district attorney or authorized agent, does convey valid title to the transferee and upon proper authorization by the court, also vests title to the allocated law enforcement agency of the proceeds from the disposed forfeited property. These property interests are, however, subject by law to the rights of factually innocent percents.
Trusting this to be of sufficient information, I am,
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: CHARLES J. YEAGER Assistant Attorney General
CJY:jv